Liang v. Lynch

BIA
Nelson, IJ
A087 794 036

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LI QIANG LIANG, AKA LIQIANG LIANG,
> *Petitioner,*

v.                                                          14-1050
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Lee Ratner, New York, New York.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant
                             Attorney General; Mary Jane Candaux,

Assistant Director; Jeremy M. Bylund, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Qiang Liang, a native and citizen of the People's Republic of China, seeks review of a March 21, 2014 decision of the BIA affirming a June 21, 2012 decision of an Immigration Judge ("IJ"), denying Liang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Qiang Liang,* No. A087 794 036 (B.I.A. Mar. 21, 2014), *aff'g* No. A087 794 036 (Immig. Ct. N.Y. City June 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that was not considered by the BIA (untimely asylum application). *Xue Hong Yang v. U.S. Dep't of Justice*,

2

426 F.3d 520, 522 (2d Cir. 2005). Furthermore, we do not review the agency's determination that Liang failed to satisfy his burden to demonstrate a well-founded fear of persecution on account of his practice of Falun Gong in the United States because he has not challenged the agency's decision to that extent. Accordingly, the only issue before us is the adverse credibility determination. The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Liang was not credible based primarily on the implausibility of his account.

"It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider

3

whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). When, as here, "an adverse credibility finding is based partly or entirely on implausibility, [the court] review[s] the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir. 2008).

In *Ying Li*, we declined to disturb an IJ's determination that an asylum applicant's account was implausible because "[t]he picture that emerge[d] [wa]s of a student who promoted Falun Gong among her classmates (but did not practice it), who was harassed by local officials (alone among her family), who met with a Falun Gong practitioner repeatedly and openly (although he was never arrested), and who successfully quit the country using her own passport (despite allegations of nationwide persecution)." *Id.* at 83. Similar to the petitioner in *Ying Li*, Liang presented an account that permitted "an inference of fabrication." *Id.; Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (providing that an implausibility finding that is based on "speculation that

4

inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

The IJ identified the following implausible aspects of Liang's account. Liang was detained and beaten when officials discovered that his aunt's neighbor (a Falun Gong practitioner) had hidden at Liang's parents' house, but Liang's parents were neither questioned nor detained. Four years later, Liang (who did not practice Falun Gong in China) risked arrest by distributing Falun Gong materials for a friend. Once caught, Liang's parents helped him escape detention. And, although officials knew of his parents' involvement in his escape, they never questioned or detained his parents. Liang did not seek medical treatment for injuries sustained when he was beaten in detention, but he did seek medical treatment for a cold while a fugitive. The record from this medical visit was Liang's proof that he timely applied for asylum within one year of his entry to the United States. Liang did not provide compelling

5

explanations for the implausibility of his account. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The adverse credibility determination was further supported by Liang's evasive demeanor and inconsistent statements regarding whether he sought medical attention after his detentions. *See Xiu Xia Lin*, 534 F.3d at 165-66; *cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency also reasonably relied on Liang's failure to provide credible evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the implausibility, demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). That finding is dispositive of Liang's claims for asylum, withholding of removal, and CAT relief insofar as they were based on his activities in China.

6

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk